UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Donald J. Strable, ) C/A No. 6:10-2574-RBH-KFM
)
Plaintiff, )
) **REPORT AND**
vs. ) **RECOMMENDATION**
)
Commissioner of Social Security Administration, )
)
Defendant. )
_____ )

## Background

This *pro se* Plaintiff brings a civil action seeking $50 million dollars in money damages because a treaty between the United States and the United Kingdom regarding social security benefits has allegedly been breached by the Defendant. ECF No. 1 at p.1; ECF No.1 at Attachment 3, p.3. The underlying matter that Plaintiff appears to complain about is the Laurens County Department of Health and Human Services at some point denied Plaintiff's renewal request for federal food stamps. ECF No. 1, Attachment 2, at pp. 8-12. Plaintiff's Complaint consists of three parts: (a) a typed letter filed on October 4, 2010; (b) per the direction of this Court's October 12, 2010, Order, Plaintiff submitted a completed *Pro Se* Non-Prisoner Complaint Form on October 25, 2010; and (c) Plaintiff submitted a letter on November 3, 2010, which is construed as a Supplement to the Complaint, because he alleged a new due process violation and requested an additional $5 million dollars. ECF No. 1, 11, and 18. Plaintiff also attached many documents to the combined Complaint which this Court has reviewed.

The Court gleans the following specific factual allegations from the combined Complaint and attachments. Plaintiff resides in the United States in Greenville County, South Carolina, and he is a citizen or subject of the United Kingdom. In 2005, Plaintiff

applied for food stamps, and he received them. In 2008, Plaintiff was requested to recertify his eligibility for food stamps, and the South Carolina Department of Social Services ("DSS") determined that Plaintiff was <u>not</u> eligible so his benefits would cease. Plaintiff requested a "fair hearing" with a Committee to challenge the decision to terminate his food stamps. The Committee issued its final administrative order which upheld the decision to terminate Plaintiff's benefits. Plaintiff appealed the matter to the South Carolina Administrative Law Court, and Administrative Law Judge ("ALJ") Ralph King Anderson heard the case. Plaintiff alleges that ALJ Anderson wrongfully "struck down the treaty by the jurisdiction of State of South Carolina codes as statute over the United States. None of the State codes or statutes have any jurisdiction over the Constitution of the United State (sic) which are declared and signed into law are declared the law of the land." ECF No.1 at Attachment 3, p.3. In other words, Plaintiff seems to complain that South Carolina ALJ Anderson did not correctly rule in his case because Judge Anderson ignored or refused to follow a United States treaty and instead applied South Carolina law. Plaintiff attached a copy of ALJ Anderson's July 20, 2009, Order which affirmed the Fair Hearing Committee's (of the South Carolina Department of Social Services) Final Administrative Order. ECF No. 1, Attachment 2, at pp. 8-12. Within ALJ Anderson's Order, he discussed "the Agreement on Social Security Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland, U.S.-U.K., Feb. 13, 1984, T.I.A.S. No. 11,086, 1985 WL 167272 (Agreement)." ALJ Anderson ruled that the Agreement does not apply to the Food Stamp Act of 1977 or food stamp benefits, and he found that the Department (of Social Services) did not violate the Agreement (or Treaty) by denying Plaintiff's request for food stamp benefits. ECF No. 1, Attachment 2, at pp. 8-12.

2

In the Supplemental Complaint, Plaintiff also seems to add a claim that on October 26, 2010, a hearing was held before Hearing Officer Lyn Reaves regarding Plaintiff owing a debt to the Laurens County Health Care System in the amount of $538.00, and the debt was determined to be correct because the debtor (Plaintiff in this case) did not appear at the hearing. ECF No. 18. Plaintiff's exhibit shows that Hearing Officer Reaves informed Plaintiff of his right to appeal the decision. *Id.* at pp. 6-7. Plaintiff alleges that his due process rights were violated because he was unaware of the October 26, 2010, hearing and could not attend. ECF No. 18 at p.1. Plaintiff alleges that "this is a contempt of Court by the Administrative Law Judge" and that he is "not going to appeal." *Id.*

## **Discussion**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

3

cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The federal food stamp program, also known as SNAP (Supplemental Nutrition Assistance Program) is a program of the United States Department of Agriculture. *See, e.g., Idias v. United States*, 359 F.3d 695 (4th Cir. 2004) (explaining that the Food and Nutrition Service of the United States Department of Agriculture determines which stores qualify to participate with the Food Stamp Program). *See also* 7 U.S.C. § 2020; 7 C.F.R. § 273.15. Congress enacted the federal food stamp program "'to safeguard the health and well being of the Nation's population by raising the levels of nutrition among low-income households.'" *Jackson v. Jackson*, 857 F.2d 951, 953 (4th Cir. 1988). State agencies, not the federal government, administer the food stamp program. *Id.;* 7 C.F.R. § 273.15 (requiring each State agency to provide for a "fair hearing" from any household aggrieved by any action of the State agency). In South Carolina, the Department of Social Services is the agency which administers the food stamp program. *See* S.C. Code Ann. Regs. 114-180 (regarding "fair hearings" from an adverse action for food stamps). It appears that the United States Commissioner of Social Security, the Defendant herein, is not involved with the decision to grant or deny food stamp benefits. Also, Plaintiff does not allege that the Defendant in any way breached the Treaty between the United States and United Kingdom. Notably, the Commissioner of Social Security may be sued in this District Court as permitted by Title 42 U.S.C. § 405(h) which provides for judicial review of the Commissioner's final decision as to whether a person is disabled and entitled to disability benefits. However, Plaintiff's case does not relate to a disability claim but rather to the food stamp program. Thus, the Complaint fails to state a claim upon which relief may be granted against the

4

Commissioner of Social Security. *Cf. Hall v. Chater*, 52 F.3d 518, 520 (4th Cir. 1995) (noting that 405(h) limits judicial review to the powers set forth in 405(g)).

As to Plaintiff's supplemental claim that his due process rights were violated on October 26, 2010, by Hearing Officer Lyn Reaves when she determined that Plaintiff owed a debt to the Laurens County Health Care System in the amount of $538.00 because the debtor (Plaintiff in this case) did not appear at the hearing, Plaintiff still does not allege a cognizable claim against the named Defendant. Plaintiff does not allege that the Commissioner of Social Security did anything to violate Plaintiff's constitutional rights. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff did not plead any factual allegations that state a plausible claim for relief against the Defendant, the Complaint fails to state a claim upon which relief may be granted.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. Plaintiff's attention is directed to the important notice on the next page.

November 10, 2010　　　　　　　　　　　　s/Kevin F. McDonald
Greenville, South Carolina　　　　　　　　United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).